IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DAVID VAN VELZER, | ) | |
| | ) | Civil No. 05-6130-HO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER TO DISMISS |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, an inmate at FCI-Sheridan, filed a petition for habeas corpus relief under 28 U.S.C. § 2241. By Order (#24) entered June 14, 2005, the petition was dismissed and petitioner was allowed 30 days to file an amended petition curing the deficiencies explained in the courts order.

On July 6th, 2005, petitioner filed an amended petition. Petitioner's amended petition re-alleges some of the previously dismissed claims and is otherwise deficient as set forth below.

Ground One: Ground One seeks a "Bill of Particulars" concerning his "liability." This "claim" was alleged in

1 - ORDER TO DISMISS

petitioner original petition as Ground Four and dismissed on the ground that the court was "unable to ascertain the nature" of petitioner's claim. The court is still unable to determine the nature of petitioner's claim. The criminal judgment against petitioner speaks for itself. I find that petitioner's "claim" alleged in Ground One is incomprehensible and is denied for failure to state a claim.

Ground Two: Ground Two alleges that he is being denied "54 days off per year for good conduct time based on the time served, rather than sentence imposed." This claim was alleged as Ground Two in petitioner's original petition and dismissed on the ground that "the issue regarding the calculation of good-time credit was resolved in the Government's favor in Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001), cert denied, 535 U.S. 1105 (2002)." I construe the court's previous order as dismissing this claim with prejudice.

Ground Three: Petitioner's Ground Three alleges that he "was denied both 6 months half-way house and 6 months home-confinement, pursuant to F.B.O.P. PS 7310.04." Petitioner's petition alleges "the Bureau of Prisons has established my release date as 09/05/07." Thus any claim regarding eligibility for home confinement or half-way house placement appears to be premature. If petitioner's claim is based on denial of half-way house and home-confinement placement during his incarceration at Taft FCI, his claim is moot.

Petitioner's Ground Three fails to establish in what respect

he "is in custody in violation of the Constitution, laws or treaties of the United States," and therefore fails to state a claim under 28 U.S.C. § 2241. <u>Benny v U.S. Parole Com'n</u>, 259 F.3d 977, 988 (9th Cir. 2002) (quoting 28 U.S.C. § 2241 (c)(3)).

<u>Ground Four:</u> Ground Four alleges that petitioner was "denied credit for time served in pretrial detention form 11/21/01 to 01/15/02." This claim arguably states a claim for pleading purposes.

<u>Ground Five:</u> Ground Five alleges "(s)ome of petitioner's legal and personal mail is being destroyed by unknown person(s) at this time. Petitioner does not allege that respondent is responsible for the alleged destruction of his mail and concedes "this issue might be the result of partie(s) outside the Sheridan FPC." Assuming *arguendo* that petitioner's mail claim is a proper subject for § 2241 relief, petitioner has not alleged sufficient facts to enable respondent to respond.

<u>Ground Six:</u> Ground Six alleges that petitioner received "incompetent" dental treatment at Taft FCI. Any § 2241 claim arising out of petitioner's incarceration at Taft has been rendered moot by his transfer to FCI Sheridan.

Petitioner further alleges he "has not had his teeth properly cleaned in over three years." Assuming petitioner's teeth cleaning allegation could state a constitutional claim under some circumstances, petitioner has failed to allege that he exhausted his administrative remedies with respect to this claim.

It is well settled that federal prisoners must exhaust their

3 - ORDER TO DISMISS

administrative remedies prior to filing a petition for habeas corpus relief under 28 U.S.C § 2241.  Martineze v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also, Fendler v. United States Parole Com'n, 774 F.2d 975, 979 (9th Cir. 1985).  While the exhaustion requirement is not jurisdictional, its importance is well established.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level."  Id.  Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Id.; United Farm Workers v. Arizona, 669 F.2d 1249, 1253 (9th Cir. 1982).

Petitioner alleges that he "exhausted all administrative remedies [as to Ground Four] at the Taft FCI Camp" but does not allege that he has pursued or exhausted such remedies at FCI Sheridan.

Ground Seven: Ground Seven alleges that petitioner is being "denied medical treatment, care and special diet, according to his medical needs."

The Eighth Amendment proscribes cruel and unusual punishment or punishments which involve the "unnecessary and wanton

infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976). In order to state a claim under the Eighth Amendment, the alleged deprivation must be "sufficiently serious." That is, the prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff has not alleged any specific facts that would support an Eighth Amendment claim for cruel and unusual punishment.

There is a de minimis level of imposition with which the Constitution is not concerned. Ingraham v. Wright, 430 U.S. 651, 674 (1977). "Extreme deprivations are required to make out a conditions of confinement claim. Because routine discomfort is 'part of the penalty that criminal offenders pay for their offense against society,' only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1 (1992) at p. 8-9, quoting Rhodes v Chapman, supra at 347 and Wilson v. Seiter, 501 U.S. 294, 298 (1991);

Although the denial of medical treatment for his "special needs" could constitute an extreme deprivation of life's basis necessities, plaintiff has not alleged any specific facts in support of his general allegations.

Ground Eight: Petitioner alleges in Ground Eight that he was threatened and coerced under force and duress, both at Taft FCI and FCI Sheridan, to sign a B.O.P. Financial Responsibility

5 - ORDER TO DISMISS

Program Contract. To the extent that petitioner claim based on alleged threats or coercion at Taft FCI petitioner's claim is moot. In addition, petitioner's allegations imply that he is challenging the imposition of restitution in his criminal judgment and sentencing order. Such a challenge might be cognizable as a motion under 28 U.S.C. § 2255, but is not a proper claim in a § 2241 proceeding.

Ground Nine: Petitioner alleges in Ground Nine that he is being denied adequate medical treatment for "back and neck injuries." Petitioner concedes that he has not exhausted administrative remedies with respect to this claim.

Ground Ten: Petitioner alleges in Ground Ten that he "requested the Sheridan FCI, the $500.00 allotment of funds as soon as the federal judiciary/F.B.O.P. released petitioner, primarily due to the fact that petitioner's constitutional and due process rights have been violated before and after his arrival at the Sheridan FCI/FPC on 09/15/2004, via the Taft FCI, in Taft, Kern Co., California." (sic)

Petitioner's Ground Ten is incomprehensible and fails to state a claim. Moreover, petitioner apparently concedes that he has not exhausted administrative remedies with respect to this claim. [Petitioner alleges "there is no way to exhaust administrative remedies, due to the previous reason(s) regarding the U.S. Government's 06/21/2005 response to 9th Cir.-USCA, pursuant to Booker." (sic)]

Conclusion: Petitioner's Amended Petition (#31) is deficient in

the respects set forth above. Petitioner is allowed 30 days from the date of this order to file an amended petition on a form to be provided by the Clerk of the Court, curing such deficiencies where possible. Petitioner is advised that his claim alleged in Ground Two has been dismissed with prejudice. Petitioner is further advised that his amended petition should not include claims for which the exhaustion of administrative remedies requirement has not been met. Petitioner is further advised that with respect to each ground for relief alleged in his amended petition he should specifically allege how the action, condition or conduct complained of effects the execution of his sentence in a way that violates federal constitutional provisions, laws or treaties. Petitioner is advised that failure to file an amended petition consistent with the terms of this order within 30 days will result in the dismissal of this proceeding for failure to prosecute.

Motion for Preliminary Injunction: Petitioner moves the court for a preliminary injunction "retaraining (sic) Charles A. Daniels, and his employees, as well as the U.S. Government, from any form of retaliation against petitioner...." Motion for Preliminary Injunction (#29). Petitioner further alleges twelve specific actions he seeks to enjoin - none of which have anything to do with the underlying claims in this case.

The relevant factors for determining whether a preliminary injunction should issue were canvassed by the Ninth Circuit in United States v. Odessa Union Warehouse, 833 F.2d 172, 174 (9th Cir. 1987):

"The factors we traditionally consider in
determining whether to grant a preliminary
injunction in this circuit are (1) the
likelihood of plaintiff's success on the
merits; (2) the possibility of plaintiff's
suffering irreparable injury if relief is
not granted; (3) the extent to which the
balance of hardships favors the respective
parties; and (4) in certain cases, whether
the public interest will be advanced by
the provision of preliminary relief. Dollar
Rent A Car of Washington Inc. v. Travelers
Indemnity Company, 774 F.2d 1371, 1374
(9th Cir. 1985). To obtain a preliminary
injunction, the moving party must show
either (1) a combination of probable success
on the merits and the possibility of
irreparable injury or (2) that serious
questions are raised and the balance of
hardships tips in its favor. Benda v. Grand
Lodge of the Int'l Ass'n of Machinists &
Aerospace Workers, 584 F.2d 308, 314-15
(9th Cir. 1978), cert. dismissed, 441 U.S.
937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).
These two formulations represent two points
on a sliding scale in which the required
degree of irreparable harm increases as the
probability of success decreases. Oakland
Tribune Inc. v. Chronicle Publishing Co.,
762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that
they have a fair chance of success on the merits. Stanley v.
University of Southern California, 13 F.3d 1313, 1319 (9th Cir.
1994), quoting Martin v. International Olympic Committee, 740 F.2d
670, 674-675 (9th Cir. 1994); Committee of Cent. American Refugees
v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because
the probability of success on the merits is the critical standard
in determining the propriety of preliminary relief. Lancor v.
Lebanon Housing Authority, 760 F.2d 361, 362 (1st Cir. 1985).

In this case, the petition before the court is deficient in
the respects set forth above and fails to state a claim cognizable

8 - ORDER TO DISMISS

under 28 U.S.C. § 2241.  Therefore, petitioner has failed to demonstrate the requisite probability of success on the merits. Moreover the "retaliation" petitioner seeks to enjoin has nothing to do with his claims in this proceeding.  Petitioner's Motion for Preliminary Injunction (#29) is denied.

DATED this 22ᵘᵈ day of September, 2005.

_____
Michael R. Hogan
United States District Judge

9 - ORDER TO DISMISS